**Talia Y. Stoessel, OSB No. 115271**
Bennett, Hartman, Morris & Kaplan, LLP
210 S.W. Morrison Street, Suite 500
Portland, Oregon 97204-3149
Telephone: (503) 227-4600
Facsimile: (503) 248-6800
stoesselt@bennetthartman.com

Of Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| **RACHEL CALABRESE** | ) | Case No._____ |
| | ) | |
| Plaintiff, | ) | **COMPLAINT** |
| | ) | |
| vs. | ) | (Sex/Gender Discrimination/Harassment |
| | ) | ORS 659A.030(1)(b) and 42 U.S.C. § |
| | ) | 2000e–2 *et seq.*; Retaliation ORS |
| **SEARS ROEBUCK & CO., a New York** | ) | 659A.030(1)(f) and 42 U.S.C. § 2000e–3; |
| **corporation authorized to do business in** | ) | Whistleblowing ORS 659A.199; Wrongful |
| **Oregon, SEARS HOLDINGS** | ) | Discharge: Reporting Unlawful Conduct; |
| **CORPORATION, a Delaware corporation,** | ) | Aiding, Abetting or Inciting ORS |
| **and AMY DARDIS, individual,** | ) | 659A.030(1)(g); Intentional Interference w/ |
| Defendants. | ) | Economic Relations; Intentional Infliction of |
| | ) | Emotional Distress |
| | ) | |
| | ) | DEMAND FOR JURY TRIAL |
| | ) | |

## Jurisdiction and Venue

1.

This is an action for damages under Title VII of the Civil Rights Act of 1964, as

amended, 42 U.S.C. § 2000e–2 and e-3, and its accompanying regulations, as well as

supplemental state law statutory and tort claims. This Court has jurisdiction over Plaintiff's

**COMPLAINT**                                                                 Page **1** of 32

federal claims under 28 U.S.C. § 1331.  This Court has jurisdiction over Plaintiff's state claims

under the doctrine of supplemental jurisdiction, 28 U.S.C. § 1367 because they derive from a

common nucleus of operative fact.

2.

Venue is proper in this District insofar as the alleged unlawful acts took place in

Washington County, Oregon while Plaintiff worked in Washington County, Oregon.

**Parties**

3.

Plaintiff is a resident and citizen of Multnomah County, Oregon.

4.

Plaintiff employed, indirectly employed, and/or jointly employed by the Defendants

Sears & Roebuck Co. and Sears Holdings Corporation (collectively, "Defendants Sears").  In the

alternative, Defendant Sears Holdings Corporation and Defendant Sears & Roebuck Co. are alter

egos of one another.

5.

Defendants Sears & Roebuck Co. is an Oregon Corporation and Sears Holdings

Corporation is a Delaware Corporation doing business in Oregon (collectively "Defendants

Sears").  Defendant Aimee Dardis ("Defendant Dardis") is a supervisory employee of

Defendants Sears and resides in Washington County.

6.

At all times, Defendant Dardis was an employee, representative and/or agent of

Defendants Sears and was acting in the course and scope of her employment, representation,

**COMPLAINT**                                                                 Page **2** of **32**

and/or agency. Accordingly, Defendants Sears are liable for the acts and omissions of the employee, representative or agent under the doctrine of *respondeat superior* and has ratified and/or authorized the conduct complained of herein. Alternatively, if determined by the trier of fact, to the extent that Defendant Dardis' actions occurred outside the course and scope of her employment/agency relationship with Defendants Sears, Defendant Dardis is individually liable for her misconduct.

7.

This action arises out of events concerning Plaintiff's direct and/or indirect employment with Defendants Sears, which occurred in Washington County, Oregon.

**Administrative Prerequisites**

8.

On or about March 23, 2015, Plaintiff co-filed a Complaint with the Oregon Bureau of Labor and Industries ("BOLI") and the Equal Employment Opportunity Commission ("EEOC"), in which she alleged that Defendants Sears constructively discharged her employment in violation of the state and federal laws cited in this Complaint and Defendant Aimee Dardis aided and abetted in the discriminatory acts.

9.

On or about September 25, 2015, BOLI notified Plaintiff of her right to sue Defendants for the allegations contained in her Complaint.  On October 29, 2015, Plaintiff mailed and faxed a request to EEOC to withdraw the Complaint and for a right-to-sue letter.

/////

/////

**COMPLAINT**                                                                 Page **3** of **32**

10.

Plaintiff has therefore complied with all administrative prerequisites to file suit, and this Complaint is timely filed within 90 days of BOLI's right-to-sue notice.

## FACTUAL ALLEGATIONS

11.

Plaintiff worked as a cashier at Defendant's Washington Square location between August 2013 and July 22, 2014 until she was constructively discharged.

12.

Plaintiff started employment at age seventeen and turned eighteen on March 10, 2014.

13.

Defendant Aimee Dardis is a female in her forties who supervised Plaintiff, including disciplining Plaintiff, and who is empowered by Defendants Sears to take tangible employment actions against Plaintiff.

14.

Defendant Dardis disproportionately assigned Plaintiff to the men's department or the tools and hardware department, in which the customers were largely male.

15.

In or about November 2013, Defendant Dardis made an odd comment to Plaintiff indicating that Plaintiff should stop wearing scarfs over her chest while selling credit cards because Plaintiff would be able to sell more credit cards.  Defendant Dardis' comments made Plaintiff uncomfortable because she understood it as a sexual reference to her chest and a suggestion that she should use her cleavage to persuade customers into buying credit cards.

**COMPLAINT**                                                                    Page **4** of **32**

16.

In or around December 2013, Defendant Dardis made another sexual comment to Plaintiff stating that Plaintiff's new blazer made her "boobs" look big. Defendant Dardis' comments made Plaintiff uncomfortable.

17.

Between January and June 2014, Defendant Dardis requested that Plaintiff connect with her on "Snap Chat" and wrote her screen name on Plaintiff's hand. On or around June 30, 2014, Plaintiff went on vacation for two weeks. On or around July 1, 2014, Defendant Dardis sent Plaintiff a photograph of a vagina over Snap Chat. Plaintiff was shocked, horrified, and ashamed when she saw the photo.

18.

Upon Plaintiff's return to work on July 15, 2014, Defendant Dardis described to Plaintiff a "game" Defendant Dardis liked to play on Snap Chat where Defendant Dardis would send pictures of her vagina and if the other person responded, Defendant Dardis would continue to send additional dirty pictures. Plaintiff felt terrified, disgusted, and ashamed at Defendant Dardis' description of the game and was shocked and appalled. Plaintiff believed that Defendant Dardis' actions were not lawful and constituted harassment.

19.

On or around July 17, 2014, Defendant Dardis made comments about Plaintiff's new boyfriend, stating that they "must be having tons of sex." Plaintiff told Defendant Dardis that her comments and actions made her feel very uncomfortable and were not appropriate. Plaintiff believed that Dardis' comments and actions were not lawful and were criminal.

**COMPLAINT**                                                      Page **5** of **32**

20.

Soon after Plaintiff complained about Defendant Dardis' behavior, Defendant Dardis began treating Plaintiff differently.  In part, Defendant Dardis began to pressure Plaintiff into creating fraudulent customer surveys on or around July 22, 2014.  If Plaintiff were to create a fraudulent survey, her actions would constitute grounds for termination.  Plaintiff understood Defendant Dardis to be trapping her and directly threatening her employment.

21.

Plaintiff unequivocally stated that she would not commit any fraud and that it was against her morals.  Defendant Dardis continuously insisted that Plaintiff take a "break" to think about it and gave her the numbers required to make fraudulent surveys.

22.

Plaintiff was in a position that was unreasonable and which no reasonable person in her position would have found tolerable.

23.

As a result of the unacceptable working conditions and the retaliation and creation of a hostile working environment by Defendants, Plaintiff's employment was constructively terminated on July 22, 2014.  Essentially, Defendants forced Plaintiff to resign because she refused to remain silent about concerns related to harassment and gender discrimination and, in material part, because Plaintiff is a woman.

24.

Plaintiff made a report regarding Defendant Dardis' behavior to Defendants' Human Resources Department.  Defendants assigned the Complaint to Fred Brockmann, Store Manager,

**COMPLAINT**                                                                                    Page **6** of **32**

who, upon information and belief, was or had previously been in a sexual relationship with Defendant Dardis.

25.

As a direct and proximate cause of Defendants' actions, Plaintiff has suffered noneconomic damages, including but not limited to, emotional distress, anguish, humiliation, fear, and anxiety, and is entitled to an award of noneconomic compensatory damages in an amount to be determined by a jury at the time of trial and not to exceed $500,000.

26.

As a direct and proximate cause of Defendants' actions, Plaintiff has suffered economic damages, including but not limited to, loss of earnings, loss of benefits, loss of job opportunities, damage to her professional reputation and other employment benefits, which will likely continue to accrue, in an amount to be determined at trial but no less than $15,000, together with interest and the amount necessary to offset the income tax consequences of the award.

27.

Plaintiff has been required to retain legal counsel to enforce her civil rights and is entitled to reasonable attorneys' fees and costs.

**FIRST CLAIM FOR RELIEF**
**(Sexual Harassment  and Hostile Work Environment 42 U.S.C. § 2000e–2**
**against Defendants Sears)**

28.

Plaintiff restates and incorporates by reference Paragraphs 1-25 as though fully set forth herein.

/////

**COMPLAINT**                                                                                     Page **7** of 32

29.

At all times mentioned in this Complaint, Title VII was in full force and effect and was binding on the Defendants as an employer.

30.

Defendants' conduct, as alleged above, violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., which makes discrimination against employees on the basis of sex illegal.

31.

Defendants' conduct, as alleged above, violated Title VII when the harassment and discrimination targeted at Plaintiff on the basis of her sex, had the purpose and effect of unreasonably interfering with her work performance and created an intimidating, hostile, and offensive working environment.

32.

Defendants' harassment of Plaintiff was severe and pervasive. The workplace harassment included a 40-year old woman making verbal statements of a sexual manner, attempting to use Plaintiff's youth and cleavage to increase sales, and sending pictures of a vagina to an 18-year old girl.

33.

Defendants Sears is strictly liable for the actions of its supervisor Defendant Dardis. Further, Defendants Sears continues to employ Defendant Dardis in a supervisory capacity.

/////

/////

**COMPLAINT**                                                                    Page **8** of **32**

34.

Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory practices unless and until the Court grants relief.

35.

As a direct and proximate cause of Defendants' actions, Plaintiff has suffered noneconomic damages, including but not limited to, emotional distress, anguish, humiliation, fear, and anxiety, and is entitled to an award of noneconomic compensatory damages in an amount to be determined by a jury at the time of trial and not to exceed $500,000.

36.

As a direct and proximate cause of Defendants' actions, Plaintiff has suffered economic damages, including but not limited to, loss of earnings, loss of benefits, loss of job opportunities, damage to her professional reputation and other employment benefits, which will likely continue to accrue, in an amount to be determined at trial but no less than $15,000, together with interest and the amount necessary to offset the income tax consequences of the award.

37.

Defendant' actions were malicious and reckless, entitling Plaintiff to an award of punitive damages in an amount to be determined at trial but no less than $100,000.

38.

Plaintiff is entitled to compensatory damages, any lost wages and benefits, injunctive and declaratory relief and attorneys' fees and costs pursuant to 42 U.S.C. § 2000e-5(k), 42 U.S.C. § 1981a, and 42 U.S.C. § 1988.

**COMPLAINT**

## SECOND CLAIM FOR RELIEF
## (Retaliation under 42 U.S.C. § 2000e–3
## against Defendants Sears)

39.

Plaintiff restates and incorporates by reference Paragraphs 1-25 as though fully set forth herein.

40.

At all times mentioned in this Complaint, Title VII of the Civil Rights Act of 1964 ("Title VII") was in full force and effect and binding on the Defendants as employers.

41.

Title VII, 42 U.S.C. § 2000e-3(a), provides that employers cannot discriminate against an employee for opposing any practice made an unlawful employment practice under Title VII.

42.

Plaintiff engaged in protected EEO activity when she made Complaints of unlawful conduct by Defendant Dardis in the workplace.  Defendants, through their agents, were aware of Plaintiff's complaints of harassment and discrimination.

43.

Defendants, through their agents, took adverse employment actions against Plaintiff.  As a result of the retaliation and creation of a hostile working environment by Defendant(s), Plaintiff's employment was constructively terminated on July 22, 2014.  Essentially, Defendants forced Plaintiff to resign because she refused to remain silent about concerns related to harassment and gender discrimination and, in material part, because Plaintiff is a woman.

/////

**COMPLAINT**                                                      Page **10** of **32**

44.

As a result of Plaintiff's reports of unlawful activity, Defendants took adverse employment actions against Plaintiff.

45.

Defendants knew or should have known that the working conditions were so unacceptable and intolerable that a reasonable person in Plaintiff's circumstances would have resigned because of them.  Defendants deliberately created and maintained the intolerable working conditions because Plaintiff engaged in the protected activity outlined above.

46.

Defendants desired to cause Plaintiff to leave employment as a result of those conditions, or knew or should have known that Plaintiff was substantially certain to leave employment as a result of those conditions.

47.

Plaintiff resigned from employment as a result of those conditions.

48.

Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's retaliatory practices unless and until the Court grants relief.

49.

As a direct and proximate cause of Defendants' actions, Plaintiff has suffered noneconomic damages, including but not limited to, emotional distress, anguish, humiliation, fear, and anxiety, and is entitled to an award of noneconomic compensatory damages in an amount to be determined by a jury at the time of trial and not to exceed $500,000.

**COMPLAINT**                                                    Page **11** of **32**

50.

As a direct and proximate cause of Defendants' actions, Plaintiff has suffered economic

damages, including but not limited to, loss of earnings, loss of benefits, loss of job opportunities,

damage to her professional reputation and other employment benefits, which will likely continue

to accrue, in an amount to be determined at trial but no less than $15,000, together with interest

and the amount necessary to offset the income tax consequences of the award.

51.

Defendant' actions were malicious and reckless, entitling Plaintiff to an award of punitive

damages in an amount to be determined at trial but no less than $100,000.

52.

Plaintiff is entitled to compensatory damages, any lost wages and benefits, injunctive and

declaratory relief and attorneys' fees and costs pursuant to 42 U.S.C. § 2000e-5(k), 42 U.S.C. §

1981a, and 42 U.S.C. § 1988.

### THIRD CLAIM FOR RELIEF
### (Sex Discrimination 42 U.S.C. § 2000e–2
### against Defendants Sears)

53.

Plaintiff restates and incorporates by reference Paragraphs 1-25 as though fully set forth

herein.

54.

At all times mentioned in this Complaint, Title VII was in full force and effect and was

binding on the defendant.

/////

**COMPLAINT**                                                    Page **12** of 32

55.

Defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., which makes discrimination against employees on the basis of sex illegal.

56.

Defendants violated Title VII when they targeted and discriminated against Plaintiff on the basis of her sex by disproportionately assigning her to the men's department for the purpose and effect of unreasonably interfering with her work performance and created an intimidating, hostile, and offensive working environment. See 29 C.F.R. § 1604.11(a).

57.

Defendants knew or should have known that the working conditions were so unacceptable and intolerable that a reasonable person in Plaintiff's circumstances would have resigned because of them.  Defendants deliberately created and maintained the intolerable working conditions because Plaintiff engaged in the protected activity outlined above.

58.

Defendants desired to cause Plaintiff to leave employment as a result of those conditions, or knew or should have known that Plaintiff was substantially certain to leave employment as a result of those conditions.

59.

Plaintiff resigned from employment as a result of those conditions.

60.

Defendants Sears is strictly liable for the actions of its supervisor Defendant Dardis. Further, Defendants Sears continues to employ Defendant Dardis in a supervisory capacity.

**COMPLAINT**                                                                                   Page **13** of **32**

61.

Plaintiff is now suffering and will continue to suffer irreparable injury and monetary

damages as a result of Defendant's discriminatory practices unless and until the Court grants

relief.

62.

As a direct and proximate cause of Defendants' actions, Plaintiff has suffered

noneconomic damages, including but not limited to, emotional distress, anguish, humiliation,

fear, and anxiety, and is entitled to an award of noneconomic compensatory damages in an

amount to be determined by a jury at the time of trial and not to exceed $500,000.

63.

As a direct and proximate cause of Defendants' actions, Plaintiff has suffered economic

damages, including but not limited to, loss of earnings, loss of benefits, loss of job opportunities,

damage to her professional reputation and other employment benefits, which will likely continue

to accrue, in an amount to be determined at trial but no less than $15,000, together with interest

and the amount necessary to offset the income tax consequences of the award.

64.

Plaintiff is entitled to compensatory damages, any lost wages and benefits, injunctive and

declaratory relief and attorneys' fees and costs pursuant to 42 U.S.C. § 2000e-5(k), 42 U.S.C. §

1981a, and 42 U.S.C. § 1988.

/////

/////

/////

**COMPLAINT**                                                   Page **14** of **32**

## FOURTH CLAIM FOR RELIEF
### (ORS 659A.030(1)(a) – Sexual Harassment and Sex Discrimination against Defendants Sears)

65.

Plaintiff restates and incorporates by reference Paragraphs 1-25 as though fully set forth herein.

66.

The actions set forth above were taken by Defendants Sears through their agents while they were acting as management employees with actual or apparent authority from Defendants to take such actions.

67.

Defendants violated ORS 659A.030(1)(a) when the harassment and discrimination targeted at Plaintiff on the basis of her sex had the purpose and effect of constructively discharging Plaintiff.

68.

Based on the facts alleged above, Defendants knew or should have known that the working conditions were so unacceptable and intolerable that a reasonable person in Plaintiff's circumstances would have resigned because of them.  Defendants deliberately created and maintained the intolerable working conditions.

69.

Defendants desired to cause Plaintiff to leave employment as a result of those conditions, or knew or should have known that Plaintiff was substantially certain to leave employment as a result of those conditions.

**COMPLAINT**                                                          Page **15** of 32

70.

Plaintiff resigned from employment as a result of those conditions.

71.

As a direct and proximate cause of Defendants' actions, Plaintiff has suffered noneconomic damages, including but not limited to, emotional distress, anguish, humiliation, fear, and anxiety, and is entitled to an award of noneconomic compensatory damages in an amount to be determined by a jury at the time of trial and not to exceed $500,000.

72.

As a direct and proximate cause of Defendants' actions, Plaintiff has suffered economic damages, including but not limited to, loss of earnings, loss of benefits, loss of job opportunities, damage to her professional reputation and other employment benefits, which will likely continue to accrue, in an amount to be determined at trial but no less than $15,000, together with interest and the amount necessary to offset the income tax consequences of the award.

73.

Pursuant to ORS 659A.885, Plaintiff is entitled to an award of noneconomic and economic damages in an amount to be determined at trial but no less than $515,000.

74.

Pursuant to ORS 659A.885 and ORS 20.107, Plaintiff is also entitled to an award of reasonable attorneys' fees, expert fees, and costs incurred herein.

75.

Pursuant to ORS 659A.885, Plaintiff is also entitled to an award of punitive damages in an amount to be determined at trial but no less than $100,000.

**COMPLAINT**                                                    Page **16** of **32**

## FIFTH CLAIM FOR RELIEF
### (ORS 659A.030(1)(b) – Sexual Harassment and Sex Discrimination against Defendants Sears)

76.

Plaintiff restates and incorporates by reference Paragraphs 1-25 as though fully set forth herein.

77.

The actions set forth above were taken by Defendants Sears through their agents while they were acting as management employees with actual or apparent authority from Defendants to take such actions.

78.

Based on the facts alleged above, Defendants Sears violated ORS 659A.030(1)(b) when the harassment and discrimination targeted at Plaintiff on the basis of her sex had the purpose and effect of unreasonably interfering with her work performance and created an intimidating, hostile, and offensive working environment resulting in her constructive discharge as described above. Defendants' harassment of Plaintiff was severe and pervasive. The workplace harassment included a 40-year old woman making verbal statements of a sexual manner, attempting to use Plaintiff's youth and cleavage to increase sales, and sending pictures of a vagina to an 18-year old girl.

79.

As a direct and proximate cause of Defendants' actions, Plaintiff has suffered noneconomic damages, including but not limited to, emotional distress, anguish, humiliation,

/////

**COMPLAINT**                                                                 Page **17** of 32

fear, and anxiety, and is entitled to an award of noneconomic compensatory damages in an amount to be determined by a jury at the time of trial and not to exceed $500,000.

80.

As a direct and proximate cause of Defendants' actions, Plaintiff has suffered economic damages, including but not limited to, loss of earnings, loss of benefits, loss of job opportunities, damage to her professional reputation and other employment benefits, which will likely continue to accrue, in an amount to be determined at trial but no less than $15,000, together with interest and the amount necessary to offset the income tax consequences of the award.

81.

Pursuant to ORS 659A.885, Plaintiff is entitled to an award of noneconomic and economic damages in an amount to be determined at trial but no less than $515,000.

82.

Pursuant to ORS 659A.885, Plaintiff is also entitled to an award of punitive damages in an amount to be determined at trial but no less than $100,000.

83.

Pursuant to ORS 659A.885 and ORS 20.107, Plaintiff is also entitled to an award of reasonable attorneys' fees, expert fees, and costs incurred herein.

**SIXTH CLAIM FOR RELIEF**
**(ORS 659A.030(1)(f) – Retaliation for Reporting Sexual Harassment and Sex Discrimination Against Defendants Sears)**

84.

Plaintiff restates and incorporates by reference Paragraphs 1-25 as though fully set forth herein.

**COMPLAINT**                                                                 Page **18** of 32

85.

The actions set forth above were taken by Defendants Sears through their agents while they were acting as management employees with actual or apparent authority from Defendants to take such actions.

86.

Defendants Sears violated ORS 659A.030(1)(f) when Defendants retaliated against Plaintiff in substantial part because she reported in good faith information she believed was evidence of criminal conduct and/or violations of state laws, rules, and/or regulations regarding sexual harassment and gender discrimination. Specifically, Defendants took adverse employment actions against Plaintiff, including directing Plaintiff to fill out fraudulent surveys, threatening her employment, and forcing Plaintiff to endure harassment, thus constructively discharging her.

87.

As a result of Plaintiff's reports of unlawful activity, Defendants took adverse employment actions against Plaintiff.

88.

Defendants knew or should have known that the working conditions were so unacceptable and intolerable that a reasonable person in Plaintiff's circumstances would have resigned because of them.  Defendants deliberately created and maintained the intolerable working conditions because Plaintiff engaged in the protected activity outlined above.

/////

/////

/////

**COMPLAINT**                                                                 Page **19** of 32

89.

Defendants desired to cause Plaintiff to leave employment as a result of those conditions, or knew or should have known that Plaintiff was substantially certain to leave employment as a result of those conditions.

90.

Plaintiff resigned from employment as a result of those conditions.

91.

As a direct and proximate cause of Defendants' actions, Plaintiff has suffered noneconomic damages, including but not limited to, emotional distress, anguish, humiliation, fear, and anxiety, and is entitled to an award of noneconomic compensatory damages in an amount to be determined by a jury at the time of trial and not to exceed $500,000.

92.

As a direct and proximate cause of Defendants' actions, Plaintiff has suffered economic damages, including but not limited to, loss of earnings, loss of benefits, loss of job opportunities, damage to her professional reputation and other employment benefits, which will likely continue to accrue, in an amount to be determined at trial but no less than $15,000, together with interest and the amount necessary to offset the income tax consequences of the award.

93.

Pursuant to ORS 659A.885, Plaintiff is entitled to an award of noneconomic and economic damages in an amount to be determined at trial but no less than $515,000.

/////

/////

**COMPLAINT**                                                                 Page **20** of **32**

94.

Pursuant to ORS 659A.885, Plaintiff is also entitled to an award of punitive damages in an amount to be determined at trial but no less than $100,000.

95.

Pursuant to ORS 659A.885 and ORS 20.107, Plaintiff is also entitled to an award of reasonable attorneys' fees, expert fees, and costs incurred herein.

### SEVENTH CLAIM FOR RELIEF
### Whistleblowing ORS 659A.199
### Against Defendants Sears)

96.

Plaintiff restates and incorporates by reference Paragraphs 1-25 as though fully set forth herein.

97.

The actions set forth above were taken by Defendants Sears through their agents while they were acting as management employees with actual or apparent authority from Defendants to take such actions.

98.

Plaintiff reported conduct she believed to be criminal and/or a violation of a rule, law, or statute.  The conduct reported by Plaintiff included gender discrimination and sexual harassment.

99.

Defendants' actions described above subjected Plaintiff to retaliation in substantial part because she reported in good faith information she believed was evidence of criminal conduct and/or violations of state laws, rules, and/or regulations regarding sexual harassment and gender

**COMPLAINT**                                                    Page **21** of 32

discrimination.  Specifically, Defendants took adverse employment actions against Plaintiff, including directing Plaintiff to fill out fraudulent surveys, threatening her employment, and forcing Plaintiff to endure harassment, thus constructively discharging her.

100.

Defendants knew or should have known that the working conditions were so unacceptable and intolerable that a reasonable person in Plaintiff's circumstances would have resigned because of them.  Defendants deliberately created and maintained the intolerable working conditions because Plaintiff engaged in the protected activity outlined above.

101.

Defendants desired to cause Plaintiff to leave employment as a result of those conditions, or knew or should have known that Plaintiff was substantially certain to leave employment as a result of those conditions.

102.

Plaintiff resigned from employment as a result of those conditions.

103.

Plaintiff's reports of such conduct were a substantial motivating factor in Defendants' decision to constructively discharge Plaintiff.

104.

As a direct and proximate cause of Defendants' actions, Plaintiff has suffered noneconomic damages, including but not limited to, emotional distress, anguish, humiliation, fear, and anxiety, and is entitled to an award of noneconomic compensatory damages in an amount to be determined by a jury at the time of trial and not to exceed $500,000.

**COMPLAINT**                                                      Page **22** of **32**

105.

As a direct and proximate cause of Defendants' actions, Plaintiff has suffered economic damages, including but not limited to, loss of earnings, loss of benefits, loss of job opportunities, damage to her professional reputation and other employment benefits, which will likely continue to accrue, in an amount to be determined at trial but no less than $15,000, together with interest and the amount necessary to offset the income tax consequences of the award.

106.

Pursuant to ORS 659A.885, Plaintiff is entitled to an award of noneconomic and economic damages in an amount to be determined at trial but no less than $515,000.

107.

Pursuant to ORS 659A.885, Plaintiff is also entitled to an award of punitive damages in an amount to be determined at trial but no less than $100,000.

108.

Pursuant to ORS 659A.885 and 20.107, Plaintiff is also entitled to an award of reasonable attorneys' fees, expert fees, and costs incurred herein.

**EIGHTH CLAIM FOR RELIEF**
**Common Law Wrongful Discharge: Whistleblowing**
**Against Defendants Sears)**

109.

Plaintiff restates and incorporates by reference Paragraphs 1-25 as though fully set forth herein.

/////

/////

**COMPLAINT**                                                                 Page **23** of 32

110.

At all materials times, the public policy of the State of Oregon was to prohibit an employer from retaliating against employees for good faith reporting of what they believed was unlawful and/or criminal conduct and also prohibited employers from retaliating against employees who refuse to participate in what they reasonably believed was their employer's unlawful and/or criminal conduct. This public policy is embodied in the common law, statutes, and regulations of Oregon including, but not limited to: ORS 659A.199; ORS 659A.230; *Olsen v. Deschutes County*, 204 Or. App. 7 (2006), *rev. den.* 341 Or. 80 (2006).

111.

The actions set forth above were taken by Defendants Sears through their agents while they were acting as management employees with actual or apparent authority from Defendants to take such actions.

112.

Plaintiff reported conduct she believed to be criminal and/or a violation of a rule, law, or statute.  The conduct reported by Plaintiff included gender discrimination and sexual harassment.

113.

Defendants' actions described above subjected Plaintiff to retaliation in substantial part because she reported in good faith information she believed was evidence of criminal conduct and/or violations of state laws, rules, and/or regulations regarding sexual harassment and gender discrimination.  Specifically, Defendants took adverse employment actions against Plaintiff, including directing Plaintiff to fill out fraudulent surveys, threatening her employment, and forcing Plaintiff to endure harassment, thus constructively discharging her.

**COMPLAINT**                                                                 Page **24** of 32

114.

Defendants knew or should have known that the working conditions were so unacceptable and intolerable that a reasonable person in Plaintiff's circumstances would have resigned because of them.  Defendants deliberately created and maintained the intolerable working conditions because Plaintiff engaged in the protected activity outlined above.

115.

Defendants desired to cause Plaintiff to leave employment as a result of those conditions, or knew or should have known that Plaintiff was substantially certain to leave employment as a result of those conditions.

116.

Plaintiff resigned from employment as a result of those conditions.

117.

Plaintiff's reports of such conduct were a substantial motivating factor in Defendants' decision to constructively discharge Plaintiff.

118.

Because of Defendants' violations of Oregon's public policy, Defendants are liable to Plaintiff for economic and noneconomic damages.  As a direct and proximate cause of Defendants' actions, Plaintiff has suffered noneconomic damages, including but not limited to, emotional distress, anguish, humiliation, fear, and anxiety, and is entitled to an award of noneconomic compensatory damages in an amount to be determined by a jury at the time of trial and not to exceed $500,000.  As a direct and proximate cause of Defendants' actions, Plaintiff has suffered economic damages, including but not limited to, loss of earnings, loss of benefits,

**COMPLAINT**                                                                            Page **25** of **32**

loss of job opportunities, damage to her professional reputation and other employment benefits, which will likely continue to accrue, in an amount to be determined at trial but no less than $15,000, together with interest and the amount necessary to offset the income tax consequences of the award.

119.

Pursuant to ORS 20.107, Plaintiff has hired legal counsel to bring these claims in connection with unlawful discrimination claims and is entitled to the costs incurred and attorney fees.

### NINTH CLAIM FOR RELIEF
### Aiding and Abetting ORS 659A.030(1)(g)
### Against Defendant Dardis)

120.

Plaintiff restates and incorporates by reference Paragraphs 1-25 as though fully set forth herein.

121.

As set forth in detail above, Defendant Dardis aided, abetted and/or incited unlawful discrimination and retaliation against Plaintiff by Defendants Sears and each other.  Specifically, Defendant Dardis incited unlawful retaliation and adverse employment actions against Plaintiff by Defendants Sears.  Defendant Dardis did so knowing that her conduct was unlawful, intending to cause Plaintiff's termination by Defendants Sears.

/////

/////

/////

**COMPLAINT**                                                    Page **26** of 32

122.

Defendant Dardis aided and/or abetted Defendants Sears in engaging in unlawful conduct and adverse employment actions against Plaintiff while knowing that her conduct was unlawful, intending to cause Plaintiff's termination by Defendants Sears.

123.

The foregoing conduct constitutes a violation of ORS 659A.030(1)(g) and Defendant Dardis is liable to Plaintiff for damages.  As a direct and proximate cause of Defendants' actions, Plaintiff has suffered noneconomic damages, including but not limited to, emotional distress, anguish, humiliation, fear, and anxiety, and is entitled to an award of noneconomic compensatory damages in an amount to be determined by a jury at the time of trial and not to exceed $500,000.  As a direct and proximate cause of Defendants' actions, Plaintiff has suffered economic damages, including but not limited to, loss of earnings, loss of benefits, loss of job opportunities, damage to her professional reputation and other employment benefits, which will likely continue to accrue, in an amount to be determined at trial but no less than $15,000, together with interest and the amount necessary to offset the income tax consequences of the award.

124.

Pursuant to ORS 659A.885, Plaintiff is entitled to an award of noneconomic and economic damages in an amount to be determined at trial but no less than $515,000.

125.

Pursuant to ORS 659A.885, Plaintiff is also entitled to an award of punitive damages in an amount to be determined at trial but no less than $100,000.

**COMPLAINT**                                                      Page **27** of **32**

126.

Pursuant to ORS 659A.885 and ORS 20.107, Plaintiff is also entitled to an award of reasonable attorneys' fees, expert fees, and costs incurred herein.

**TENTH CLAIM FOR RELIEF**
**(Tort of Intentional Interference with Economic Relations**
**Against Defendant Dardis)**

127.

Plaintiff restates and incorporates by reference Paragraphs 1-25 as though fully set forth herein.

128.

Plaintiff had an existing employment relationship with Defendants Sears.

129.

Defendant Dardis intentionally interfered with Plaintiff's employment relationship with Defendants Sears.

130.

Defendant Dardis' actions were taken for the specific improper purpose of retaliating against Plaintiff for complaining about sexual harassment and for interfering with Plaintiff's employment relationship with Defendants Sears.

131.

Defendant Dardis' actions were taken outside the course and scope of employment and thus subject them to direct liability for the consequences of such actions.

/////

/////

**COMPLAINT**                                                    Page **28** of 32

132.

In the alternative, Defendant Dardis' actions were taken with the knowledge that interference with Plaintiff's economic employment relationship with Defendants Sears was a necessary consequence of such actions and certain to occur.

133.

As a direct and proximate cause of Defendants' actions, Plaintiff has suffered noneconomic damages, including but not limited to, emotional distress, anguish, humiliation, fear, and anxiety, and is entitled to an award of noneconomic compensatory damages in an amount to be determined by a jury at the time of trial and not to exceed $500,000.  As a direct and proximate cause of Defendants' actions, Plaintiff has suffered economic damages, including but not limited to, loss of earnings, loss of benefits, loss of job opportunities, damage to her professional reputation and other employment benefits, which will likely continue to accrue, in an amount to be determined at trial but no less than $15,000, together with interest and the amount necessary to offset the income tax consequences of the award.

134.

Defendant Dardis' actions were willful and wanton.  Defendant Dardis acted for the purpose of interfering with Plaintiff's employment, knowing that her actions would do so. Plaintiff is also entitled to an award of punitive damages in an amount to be determined at trial but no less than $100,000.

/////

/////

/////

**COMPLAINT**                                                                 Page **29** of **32**

135.

Pursuant to ORS 20.107, Plaintiff has hired legal counsel to bring these claims in connection with unlawful discrimination claims and is entitled to the costs incurred and attorney fees.

## ELEVENTH CLAIM FOR RELIEF
### (Tort of Intentional Infliction of Emotional Distress
### Against All Defendants)

136.

Plaintiff restates and incorporates by reference Paragraphs 1-25 as though fully set forth herein.

137.

Defendants' actions as set forth in this cause of action constitute intentional infliction of severe emotional distress in violation of Oregon common law.  Defendant Dardis' outrageous acts of harassment of Plaintiff occurred within the course and scope of her employment/agency relationship with Defendants Sears and Defendants Sears are jointly and severally liable for Defendant Dardis' misconduct.  Alternatively, if determined by the trier of fact, to the extent that Defendant Dardis' harassment of Plaintiff at her place of work occurred outside the course and scope of her employment/agency relationship with Defendants Sears, Defendant Dardis is individually liable for her misconduct.

138.

Defendants intended to or acted volitionally and were substantially certain that the acts would inflict severe mental and emotional distress by their extreme and outrageous conduct.

/////

**COMPLAINT**                                                                                    Page **30** of **32**

139.

The actions of Defendants constituted a concerted effort to inflict emotional distress on Plaintiff and constituted an extraordinary transgression of the bounds of socially tolerable conduct within the employment context.  Plaintiff has alleged numerous acts leading up to her constructive discharge as well as acts committed in the course of termination which predictably resulted in her emotional distress.  Those actions constituted socially intolerable conduct on the part of all defendants.  Those actions would reasonably be expected to have such impact on any employee in Plaintiff's position.

140.

As a direct and proximate cause of Defendants' actions, Plaintiff has suffered noneconomic damages, including but not limited to, emotional distress, anguish, humiliation, fear, and anxiety, and is entitled to an award of noneconomic compensatory damages in an amount to be determined by a jury at the time of trial and not to exceed $500,000.  As a direct and proximate cause of Defendants' actions, Plaintiff has suffered economic damages, including but not limited to, loss of earnings, loss of benefits, loss of job opportunities, damage to her professional reputation and other employment benefits, which will likely continue to accrue, in an amount to be determined at trial but no less than $15,000, together with interest and the amount necessary to offset the income tax consequences of the award.

141.

Defendant' actions were willful and wanton.  Defendants acted for the purpose of interfering with Plaintiff's employment, knowing that her actions would do so.  Plaintiff is also

/////

**COMPLAINT**                                                      Page **31** of **32**

entitled to an award of punitive damages in an amount to be determined at trial but no less than $100,000.

142.

Pursuant to ORS 20.107, Plaintiff has hired legal counsel to bring these claims in connection with unlawful discrimination claims and is entitled to the costs incurred and attorney fees.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all claims and issues to the extent allowed under the law.

WHEREFORE, Plaintiff requests judgment as follows:

A.     For an award of noneconomic damages in an amount of at least $500,000, or in such greater amount as may be proven at trial;

B.     For an award of economic damages in an amount of at least $15,000, or in such greater amount as may be proven at trial;

C.     For an award of punitive damages in an amount of at least $100,000, or in such greater amount as may be proven at trial;

D.     For an award of her costs and disbursements incurred herein;

E.     For an award of her reasonable attorney fees incurred herein; and

F.     For such other and further relief as the Court determines to be just and proper in light of the circumstances hereof.

DATED this 30th day of October, 2015.

*s/ Talia Y. Stoessel*
_____
TALIA Y. STOESSEL, OSB No. 115271
Of Attorneys for Plaintiff

**COMPLAINT**                                                    Page **32** of **32**